## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| BROOKFIELD WHITE PINE HYDRO LLC, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) ) | No. 23-1075 |
| Federal Energy Regulatory Commission, | ) ) ) | |
| Respondent. | ) ) ) | |

**AMERICAN WHITEWATER'S MOTION FOR LEAVE TO INTERVENE**

Pursuant to Federal Rules of Appellate Procedure 15(d) and 27 and District of Columbia Circuit Rules 15(b) and 27, American Whitewater respectfully requests leave to intervene in this case on behalf of Respondent Federal Energy Regulatory Commission ("FERC"). Leave to intervene is warranted because this motion is timely, the final agency action challenged in this case is of importance to American Whitewater's mission and membership, and no party before the Court adequately represents American Whitewater's particularized interests.

Counsel for American Whitewater has consulted counsel for FERC, and it does not oppose this motion. Counsel for American Whitewater also contacted

counsel for Petitioner Brookfield White Pine Hydro LLC ("Brookfield") earlier this week, but Brookfield was not able to provide its position on this motion before today's filing deadline.

## I.    BACKGROUND

Brookfield owns and operates the Shawmut Hydroelectric Project ("Project") on the lower Kennebec River in Maine. Brookfield operates the Project under a FERC license (Project No. 2322), which was issued on January 5, 1981, for a term of 40 years. That license expired on January 31, 2022, and Brookfield has operated the Project under annual licenses since. On January 31, 2020, Brookfield filed with FERC an application for a new 30–50-year license to continue operating the Project. *See Brookfield White Pine Hydro LLC*, 182 FERC ¶ 61,169, ¶3 (Mar. 17, 2023) ("Rehearing Order").

To obtain a license from FERC, Petitioners must obtain from the state of Maine a certification under Section 401 of the Clean Water Act that the project will comply with state water quality standards and appropriate requirements of state law. *See* 33 U.S.C. § 1341(a)(1) ("No license or permit shall be granted until the certification required by this section has been obtained or has been waived [and n]o license or permit shall be granted if certification has been denied by the State. . . ."). Where a project may result in flow reductions or other adversely altered flows, the state may include certification conditions necessary to ensure

compliance with the water quality standards. *PUD No. 1 of Jefferson Cnty. v. Washington Dep't of Ecology*, 511 U.S. 700, 713–21 (1994). Those conditions are then incorporated as mandatory conditions of any new FERC license for a given project. 33 U.S.C. § 1341(d).

On August 28, 2020, Brookfield applied to the Maine Department of Environmental Protection ("Department") for water quality certification under Section 401. Rehearing Order, at ¶ 8. On August 11, 2021, the Department issued a draft order denying certification because Brookfield failed to provide the information necessary to show that the project met state Water Quality Standards. *Id*. Specifically, the Department cited a lack of complete information on the effects of the Project on Atlantic Salmon, which are listed under the Endangered Species Act ("ESA") as endangered. *Endangered and Threatened Species; Determination of Endangered Status for the Gulf of Maine Distinct Population Segment of Atlantic Salmon*, 65 Fed. Reg. 69,469 (Nov. 17, 2000). *See id*. at ¶ 17, fn. 40. Before the Department finalized its denial of Brookfield's application, on August 18, 2021, Brookfield withdrew it. *Id*. at ¶ 8

While Brookfield's first application for certification was pending, the Environmental Protection Agency ("EPA") revised its Section 401 regulations. *Clean Water Act Section 401 Certification Rule*, 85 Fed. Reg. 42,210 (July 13, 2020) (codified at 40 C.F.R. pt. 121). The new rules became effective on

September 11, 2020. *Id*. On October 18, 2021, Brookfield again applied to the Department for certification. Rehearing Order, at ¶ 8. On October 12, 2022, the Department denied Brookfield's application for largely the same reasons as it stated in its prior, draft order, noting, for example, that further information about the effects of the Project on salmon would be forthcoming from the National Marine Fisheries Service's Biological Opinion, which is required under Section 7 of the ESA for FERC to lawfully issue a license. *Id*. at ¶ 9.

On November 7, 2022, Brookfield sought a FERC determination that the Department waived its certification authority on the ground that its final denial failed to satisfy criteria at 40 C.F.R. § 121.7(e)(1) of EPA's new regulations and, therefore, that it waived its right of certification. Brookfield White Pine Hydro LLC, Project No. 2322-069, Request for Determination on Denial of Water Quality Certification, FERC elibrary no. 20221107-5239 (Nov. 7, 2022). On November 22, 2022, FERC filed notice that the Department's denial of Brookfield's certification request satisfies Section 121.7(e)(1). Rehearing Order, at ¶ 1. On December 16, 2022, Brookfield sought rehearing. *Id*. On March 17, 2023, FERC issued an Order Addressing Arguments Raised on Rehearing, affirming its determination that the Department's denial satisfies the requirements of Section 121.7(e)(1). Brookfield then filed its petition for review of that order.

## II.    ARGUMENT

Rule 15(d) of the Federal Rules of Appellate Procedure requires that the Motion to Intervene be filed within 30 days of a petition for review and state the movant's interest and grounds for intervention. This Court has interpreted Rule 15(d) to allow intervention where a party is "directly affected by" the application of an agency policy. *Yakima Valley Cablevision, Inc. v. FCC*, 794 F.2d 737, 744-45 (D.C. Cir. 1986).

In other cases, this Court has applied the standard applicable in district court, which grants intervention as a right on satisfaction of the following criteria: (1) the request to intervene is "timely"; (2) the movant has "an interest relating to the property or transaction which is the subject of the action"; (3) "the disposition of the action may, as a practical matter, impair or impeded the [movant's] ability to protect that interest"; and (4) the movant's interest is not "adequately represented by existing parties to the action." *Bldg. & Constr. Trades Dep't v. Reich*, 40 F.3d 1275, 1282 (D.C. Cir. 1994) (citing Fed. R. Civ. P. 24(a)(2)); *see also Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003).

American Whitewater satisfies both standards.[1]

---

[1]    American Whitewater can also demonstrate Article III standing as its members will suffer concrete and particularized harm to their continued use and enjoyment of the Kennebec River if FERC's decision is reversed. *Lujan v. Defenders of*

**A. American Whitewater's Motion for Leave to Intervene is Timely.**

American Whitewater timely filed this Motion within 30 days of

Brookfield's Petition for Review. *See* Fed. R. App. P. 15.

**B. American Whitewater Has a Substantial Interest in the Case.**

American Whitewater is a national non-profit organization, founded in

1954, whose mission is to conserve and restore America's whitewater resources

and to enhance opportunities to enjoy them safely. American Whitewater is a

membership organization with approximately 7,000 members, representing a

broad diversity of individual whitewater enthusiasts, river conservationists, and

more than 100 local paddling club affiliates across America. American

Whitewater is a primary advocate for preserving and protecting whitewater rivers

throughout the United States and connects the interests of human-powered

recreational river users with ecological and science-based data to achieve the

goals within its mission. As a national river conservation nonprofit, American

Whitewater's mission is to protect and restore America's whitewater rivers and

to enhance opportunities to enjoy them safely. American Whitewater's vision is

---

*Wildlife*, 504 U.S. 555, 560-61 (1992). However, the U.S. Supreme Court has
found, "[a]n intervenor of right must independently demonstrate Article III
standing if it pursues relief that is broader than or different from the party invoking
a court's jurisdiction." *Little Sisters of the Poor Saints Peter & Paul Home v.
Pennsylvania,* 140 S. Ct. 2367, 2379 (2020). Here, American Whitewater is a
proposed intervenor in support of FERC, a party with clear standing, and does not
seek any relief beyond affirmance of FERC's orders.

that our nation's remaining wild and free-flowing rivers stay that way, our developed rivers are restored to function and flourish, that the public has access to rivers for recreation, and that river enthusiasts are active and effective river advocates.

In its work to restore regulated rivers, American Whitewater has participated in the relicensing of more than 100 hydropower projects nationally and in Maine, including hydropower dams on the Penobscot, Androscoggin, Rapid, Magalloway, and Kennebec rivers, and is currently working on the relicensing of eight hydropower projects in Maine. In addition, American Whitewater is a founding member and current Chair of the Hydropower Reform Coalition, a diverse consortium of more than 160 national, regional, and local conservation and recreation organizations dedicated to protecting and restoring rivers affected by hydropower dams, ensuring public access to these lands and waters, and reforming the federal licensing process to ensure public participation and to improve the quality of the resulting decisions.

Since 2019, American Whitewater has led advocacy efforts related to the development and implementation of EPA's Section 401 regulations, including filing comments in 2019 on EPA's proposed regulations, holding a Congressional briefing, writing articles and posting social media, and providing comments in response to the current 2023 EPA 401 rulemaking.

### C. American Whitewater's Interests in the Case May Be Impaired.

Decisions made in this case may impair or preclude American Whitewater's interests both generally and particularly to this Project. In 2020, American Whitewater and other environmental organizations challenged the 2020 EPA 401 rules under the Clean Water Act and Administrative Procedure Act. Brookfield's appeal of FERC's Order Addressing Arguments Raised on Rehearing raises for the first time, in this Court, a challenge by a FERC licensee under the 2020 Rule. As such, Brookfield's appeal of FERC's determination that the Department's denial satisfies the requirements of Section 121.7(e)(1) has broad implications for hydropower licensing nationally by raising the possibility of further limiting the ability of states to deny certification where applicants failed to provide information necessary for certification agencies to determine whether projects met state water quality standards. That is, an applicant could circumvent the certification process by providing incomplete information and then arguing, as in this case, that the certification agency waived its authority by failing to support its certification denials adequately. In addition, Brookfield seeks to have this Court compel FERC to make a merits-based determination of the adequacy of a certifying agency's basis for denial, a role rejected explicitly by FERC based on the 2020 Rule. Such a determination by this Court would broadly harm American Whitewater's ability to protect rivers from the adverse

effects of hydropower dams throughout the country under the Clean Water Act and the Federal Power Act.

Concerning this project, American Whitewater's members in Maine and throughout the Northeast are whitewater and flatwater paddlers who regularly boat on various sections of the Kennebec River. Through our advocacy in hydropower relicensing, we advocate for appropriate license conditions in the water quality certification that protect recreational paddling through appropriate flow releases, river access, including portage around dams and flow information that protects existing recreational boating use.

### D.    American Whitewater's Interests Are Not Adequately Represented.

The other parties in the case will not adequately protect American Whitewater's interests or present its perspective in this case. The burden for showing inadequate representation "is not onerous," and an "applicant need only show that the representation of his interest 'may be' inadequate, not that representation will in fact be inadequate." *Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986) (*quoting Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)).

FERC cannot adequately represent the American Whitewater's interests. This court has "often concluded that governmental entities do not adequately represent the interests of aspiring intervenors." *Fund for Animals*, 322 F.3d at

736. American Whitewater supports FERC's finding that the Department's denial satisfied its obligation to act within a reasonable period of time not to exceed one year. We agree that the Department's denial meets the procedural requirements of Section 121.7(e)(1)(iii) and sufficiently identifies the information that has not been provided. We further agree that FERC's review under Section 121.8(b) is not substantive, but "entirely procedural in nature." However, while both FERC and American Whitewater seek to uphold the FERC's orders, FERC may seek to defend its actions in a manner that does not adequately protect American Whitewater's interests. Specifically, FERC may defend its position in a way that does not protect American Whitewater's interests in supporting the Department's exercise of Section 401 authority here. More generally, FERC's response may not account for American Whitewater's interests in protecting State and Tribal authority under Section 401 to play the vital role of preventing the degradation of public waters from the impacts of FERC-licensed federal projects. American Whitewater should not have to rely solely on FERC to present the full range of arguments available to oppose Brookfield's petition. Instead, American Whitewater should be allowed to intervene to protect its unique interests.

Finally, representation is inadequate where the interests of a party and the interests of a proposed intervenor are "similar but not identical." *United States*

*v. Amer. Tel. & Tel. Co.*, 642 F.2d 1285, 1293 (D.C. Cir. 1980). We understand that other parties seeking intervention include the Atlantic Salmon Federation, Conservation Law Foundation, Maine Rivers, and other organizations advocating to remove the Shawmut Dam to support Atlantic salmon migration to upstream river reaches. These organizations will not adequately represent American Whitewater's interest as their focus is on Atlantic salmon migration and improvements to aquatic habitat that would be achieved through dam removal. American Whitewater supports those river restoration goals and intervention by those organizations; however, its focus is on access to rivers for non-motorized recreational boating, and it has members in all 50 states that are affected by hydropower dams under FERC's jurisdiction. Its members are conservation-oriented paddlers who support clean and healthy rivers enjoyed by American Whitewater's members and the broader recreating public. American Whitewater and its members routinely advocate for laws, regulations, and policies that support outdoor recreation, and we are the leading source of boating safety information on whitewater rivers. American Whitewater is uniquely positioned to represent the interests of those who boat on and otherwise enjoy the Kennebec River that the outcome of this litigation may impact.

While American Whitewater's interests cannot be adequately represented by Atlantic Salmon Federation, Conservation Law Foundation, and Maine Rivers, if all are granted intervention, American Whitewater will coordinate with those organizations to avoid unnecessary inefficiencies and will file joint briefs consistent with Federal Rule of Appellate Procedure 28(i).

## III.    CONCLUSION

For the foregoing reasons, American Whitewater requests that the Court grant this Motion to Intervene.

Dated: April 19, 2023

Respectfully submitted,

*/s/ Andrew M. Hawley*
Andrew M. Hawley
Western Environmental Law Center
1037 NE 65th St., No. 343
Seattle, WA 98115
(206) 487-7207
hawley@westernlaw.org

Ronald A. Shems
Tarrant, Gillies, Shems LLP
44 East State Street
Montpelier, VT 05601-1440
(802) 223-1112
ron@TarrantGillies.com

*Counsel for American Whitewater*

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | | |
|---|---|---|
| BROOKFIELD WHITE PINE HYDRO LLC, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 23-1075 |
| Federal Energy Regulatory Commission, | ) ) ) | |
| Respondent. | ) ) | |

**RULE 26.1 DISCLOSURE STATEMENT**

Pursuant to District of Columbia Circuit Rules 27(a)(4) and 26.1, the undersigned counsel for American Whitewater discloses that American Whitewater is a non-profit corporation organized under the laws of the State of Missouri. American Whitewater does not have a parent corporation and is not publicly held.

Dated: April 19, 2023         Respectfully Submitted,

*/s/ Andrew M. Hawley*
Andrew M. Hawley
Western Environmental Law Center
1037 NE 65th St., No. 343
Seattle, WA 98115
(206) 487-7207
hawley@westernlaw.org
.

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| BROOKFIELD WHITE PINE HYDRO LLC, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) ) | No. 23-1075 |
| Federal Energy Regulatory Commission, | ) ) ) | |
| Respondent. | ) ) | |
| | ) | |

## <u>CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES</u>

Pursuant to District of Columbia Circuit Rules 27(a)(4) and 28(a)(1)(A),

the undersigned counsel for American Whitewater certifies as follows:

**I.      Parties Before the Federal Energy Regulatory Commission**

a.      <u>Applicants</u>: Brookfield White Pine Hydro LLC

b.      <u>Intervenors</u>: All intervenors appearing before the Federal Regulatory Energy Commission are listed in Attachment A.

**II.     Parties Before This Court**

a.      <u>Petitioners</u>: Brookfield White Pine Hydro LLC

b.      <u>Respondent</u>: Federal Energy Regulatory Commission

c.      <u>Proposed Intervenors</u>: American Whitewater, State of Maine

d.      <u>Amici</u>: None

Dated: April 19, 2023

Respectfully Submitted,

_/s/ Andrew M. Hawley_
Andrew M. Hawley
Western Environmental Law Center
1037 NE 65th St., No. 343
Seattle, WA 98115
(206) 487-7207
hawley@westernlaw.org

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains 2383 words, excluding those portions of the motion exempted by Fed. R. App. P. 27(a)(2)(B) and Fed. R. App. P. 32(f).

This motion complies with the typeface requirement of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface, including serifs, using Microsoft Word 365 in Times New Roman 14-point font.

Dated: April 19, 2023        Respectfully submitted,

*/s/ Andrew M. Hawley*
Andrew M. Hawley
Western Environmental Law Center
1037 NE 65th St., No. 343
Seattle, WA 98115
(206) 487-7207
hawley@westernlaw.org

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that a true and accurate copy of the foregoing "American Whitewater's Motion for Leave to Intervene" was filed electronically today through the Court's CM/ECF system and e-mailed to registered CM/ECF users as indicated below.

Matthew S. Warner
Preti Flaherty
PO Box 9546
Portland, ME 04112-9546
mwarner@preti.com

Sharon White
Julia Scarpino Wood
Rock Creek Energy Group, LLP
1 Thomas Circle, NW, Suite 700
Washington, DC 20005
swhite@rockcreekenergygroup.com
jwood@rockcreekenergygroup.com

    *Counsel for Brookfield White Pine Hydro LLC*

Robert Harris Solomon, Esquire, Solicitor
Matthew J. Glover
Federal Energy Regulatory Commission, Office of the Solicitor
888 First Street, NE
Washington, DC 20426
robert.solomon@ferc.gov
matthew.glover@ferc.gov

    *Counsel for Federal Energy Regulatory Commission*

Dated: April 19, 2023

*/s/ Andrew M. Hawley*
Andrew M. Hawley
Western Environmental Law Center
1037 NE 65th St., No. 343
Seattle, WA 98115
(206) 487-7207
hawley@westernlaw.org

Attachment A

**FERC** Online - Web Applications of the Federal Energy Regulatory Commission



Mail List for P-2322-000 KENNEBEC HYDRO RESOURCES

| Party | Primary Person or Counsel of Record to be Served | Other Contact to be Served |
|---|---|---|
| FERC Online Home | | |
| About FERC Online | | |
| | | John T Eddins |
| Advisory Council on Historic Preservation | | Advisory Council on Historic Preservation |
| | | 401 F Street N.W. |
| Log In | | Suite 308 |
| | | Washington, DISTRICT OF COLUMBIA 2( |
| eRegister | RONALD KREISMAN | |
| | Attorney | |
| Company Registration | Kreisman, Ronald A. | |
| American Rivers | 77 MACKWORTH STREET | |
| | PORTLAND, MAINE 04103 | |
| eFiling | UNITED STATES | |
| eSubscription | | Edward Peter-Paul |
| eComment | | Cheif |
| | Aroostook Band of Micmac Indians | Aroostook Band of Micmac Indians |
| | | 8 Northern Road |
| | | Presque Isle, MAINE 04769 |
| Query Mailing List/Recipients by State | charles verrill | |
| | Principal | |
| Query Service List | Atlantic Salmon Federation | 9 MAGEAN ST |
| | | BRUNSWICK, MAINE 04011 |
| My Service List | | UNITED STATES |
| My Filing List | charles verrill | |
| | Principal | |
| eLibrary | Atlantic Salmon Federation | 9 MAGEAN ST |
| | | BRUNSWICK, MAINE 04011 |
| eTariff Viewer | | UNITED STATES |
| | | John R.J. Burrows |
| | | Executive Director, U.S. Opera |
| Help | Atlantic Salmon Federation | Atlantic Salmon Federation |
| | | 14 Maine Street |
| | | Suite 202 |
| | | Brunswick, MAINE 04011 |
| | charles verrill | |
| | Principal | |
| | Atlantic Salmon Federation | 9 MAGEAN ST |
| | | BRUNSWICK, MAINE 04011 |
| | | UNITED STATES |
| | charles verrill | |
| | Principal | |
| | Atlantic Salmon Federation | 9 MAGEAN ST |
| | | BRUNSWICK, MAINE 04011 |
| | | UNITED STATES |
| | | ALAN J BLOTT |
| | | BOYENS, JOHN |
| | BOYENS, JOHN | 3472 W Britton Rd |
| | | Burbank, OHIO 442149755 |
| | | Wayne |
| | | Thomas C Orvald |
| | | Senior FERC Counsel |
| | Brookfield White Pine Hydro LLC | Brookfield White Pine Hydro LLC |
| | | 801 PENNSYLVANIA AVE NW STE 220 |
| | | WASHINGTON, DISTRICT OF COLUMBIA |
| | Randy Dorman | |
| | Licensing Specialist | |
| | Brookfield White Pine Hydro LLC | Brookfield White Pine Hydro LLC |
| | 150 MAIN ST | |
| | LEWISTON, MAINE 04240 | |
| | UNITED STATES | |
| | Kelly Maloney | |
| | Manager, Licensing and Complia | |
| | Brookfield White Pine Hydro LLC | 150 Main Street | Kevin Bernier |
| | Lewiston, MAINE 04240 | 1024 Central Street |
| | UNITED STATES | Millinocket, MAINE 04462 |
| | Bureau of Indian Affairs | Harold Peterson |
| | | Natural Resources Officer |

|  |  |  |
|---|---|---|
|  |  | 545 Marriott Drive Ste 700<br>Nashville, TENNESSEE 37214 |
| Conservation Law Foundation |  | Carol Blasi<br>Contact/Addr No Longer Valid<br>Conservation Law Foundation<br>Cumberland |
| Conservation Law Foundation | Sean Mahoney<br>Vice- President<br>53 Exchange st<br>portland, MAINE 04101<br>UNITED STATES | Ruth Price<br>Office Manager<br>Conservation Law Foundation<br>47 Portland St, Suite 4<br>Portland, MAINE 04101 |
| Friends of Merrymeeting Bay | Ed Friedman<br>Chair<br>Friends of Merrymeeting Bay<br>42 Stevens Rd.<br>Bowdoinham, MAINE 04008<br>UNITED STATES |  |
| Houlton Band of Maliseet Indians |  | Susan Young<br>Houlton Band of Maliseet Indians<br>88 Bell Road<br>Littleton, MAINE 04730 |
| Interested Party |  | Harold Peterson<br>Natural Resources Officer<br>Bureau of Indian Affairs<br>545 Marriott Drive Ste 700<br>Nashville, TENNESSEE 37214 |
| Interested Party |  | Kennebec County Goverment<br>125 State Street<br>Augusta, MAINE 04330 |
| Interested Party |  | Town Of Benton<br>1279 Clinton Avenue<br>Benton, MAINE 04901 |
| Interested Party |  | Town of Clinton<br>27 Baker Street<br>Clinton, MAINE 04927 |
| Interested Party |  | Town of Fairfield<br>P.O. Box 149<br>Fairfield, MAINE 04937 |
| Interested Party |  | Town of Snowhegan<br>225 Water Street<br>Snowhegan, MAINE 04976 |
| Interested Party |  | Somerset County Goverment<br>41 Court Street<br>Sknowhegan, MAINE 04976 |
| Interested Party |  | City of Waterville<br>One Common Street<br>Waterville, MAINE 04901 |
| Interested Party |  | STEPHEN W BROOKE<br>PO Box 53<br>Hallowell,MAINE 04347-0053<br>Kennebec |
| Interested Party |  | Town of Winslow<br>114 Benton Avenue<br>Winslow, MAINE 04901 |
| Kennebec Coalition | Russell Pierce<br>Norman Hanson & DeTroy, LLC<br>Two Canal Plaza<br>Portland, MAINE 04112-4600<br>UNITED STATES |  |
| Kennebec Coalition | Russell Pierce<br>Norman Hanson & DeTroy, LLC<br>Two Canal Plaza<br>Portland, MAINE 04112-4600<br>UNITED STATES |  |
| KENNEBEC COALITION (ME) | charles verrill<br>Principal<br>9 MAGEAN ST<br>BRUNSWICK, MAINE 04011<br>UNITED STATES |  |
| KENNEBEC COALITION (ME) | Russell Pierce<br>Norman Hanson & DeTroy, LLC<br>Two Canal Plaza<br>Portland, MAINE 04112-4600<br>UNITED STATES |  |

| | | |
|---|---|---|
| Kennebec Valley Chapter of Trout Unlimited | charles verrill<br>Principal<br>9 MAGEAN ST<br>BRUNSWICK, MAINE 04011<br>UNITED STATES | |
| Kennebec Valley Chapter of Trout Unlimited | | Gregory Ponte<br>Kennebec Valley Chapter of Trout Unlimi<br>86 Mead Point Rd<br>West Gardiner, MAINE 043453542<br>Kennebec |
| Maine Department of Environmental Protection | | Kathy Davis Howatt<br>Hydropower Coordinator<br>Maine Department of Environmental Pro<br>17 State House Station<br>Augusta, MAINE 04333-0017 |
| Maine Department of Environmental Protection | Jason Overlock<br>Maine Department of Environmental Protection<br>21 State House Station<br>Augusta, MAINE 04333<br>UNITED STATES | |
| Maine Department of Inland Fisheries & | | LEE E PERRY<br>COMMISSIONER<br>Maine Department of Inland Fisheries &<br>284 State Street<br>Augusta, MAINE 04330<br>Kennebec |
| Maine Department of Inland Fisheries & | Charles Hulsey<br>Regional Wildlife Biologist<br>Maine Department of Inland Fisheries &<br>689 Farmington Road<br>Strong, MAINE 04983<br>UNITED STATES | Bob Cordes<br>Regional Wildlife Biologest<br>Maine Department of Inland Fisheries &<br>689 Farmington Road<br>Strong, MAINE 04983 |
| Maine Department of Inland Fisheries and Wildlife | | John Perry<br>Environmental Review Coordinat<br>Maine Department of Inland Fisheries an<br>284 State Street<br>41 SHS<br>Augusta, MAINE 04333-0041 |
| Maine Department of Inland Fisheries and Wildlife | John Perry<br>Environmental Review Coordinat<br>Maine Department of Inland Fisheries and Wildlife<br>284 State Street<br>41 SHS<br>Augusta, MAINE 04333-0041<br>UNITED STATES | |
| Maine Department of Inland Fisheries and Wildlife | John Perry<br>Environmental Review Coordinat<br>Maine Department of Inland Fisheries and Wildlife<br>284 State Street<br>41 SHS<br>Augusta, MAINE 04333-0041<br>UNITED STATES | |
| Maine Department of Marine Resources | | Lewis N Flagg<br>Maine Department of Marine Resources<br>21 State House Sta<br>Augusta, MAINE 043330021<br>Kennebec |
| Maine Dept. of Agriculture, Cons. & Forestry | | Kathleen Leyden<br>Dir., Maine Coastal Program<br>Maine Dept. of Agriculture, Cons. & Fore<br>Dept. of Agr., Conserv. & Forestry<br>93 State House Station<br>Augusta, MAINE 04333-0038 |
| MAINE HISTORIC PRESERVATION COMMISSION | | Robin Reed<br>MAINE HISTORIC PRESERVATION COMM<br>65 State House Station<br>55 Capitol Street<br>Augusta, MAINE 04333 |
| Maine Rivers | | Landis Hudson<br>executive director<br>Maine Rivers<br>PO Box 782<br>Yarmouth, MAINE 04096 |
| National Marine Fisheries Service | Jeffrey Murphy<br>Biologist | |

| | | |
|---|---|---|
| | National Marine Fisheries Service<br>17 Godfrey Drive<br>Suite 1<br>Orono, MAINE 04473<br>UNITED STATES | |
| National Marine Fisheries Service, Greater Atlantic Region | Christopher Boelke<br>New England Field Office Super<br>National Marine Fisheries Service, Greater Atlantic Region<br>55 GREAT REPUBLIC DR<br>GLOUCESTER, MASSACHUSETTS 01930<br>UNITED STATES | Matt Buhyoff<br>National Marine Fisheries Service, Great Region<br>17 Godfrey Drive<br>Orono, MAINE 04473 |
| National Marine Fisheries Service, INDIVIDUAL Greater Atlantic Region | Julie Crocker<br>Supervisory Fisheries Biologis<br>National Marine Fisheries Service, INDIVIDUAL<br>55 Great Republic Dr<br>Gloucester, MASSACHUSETTS 01930-2298<br>UNITED STATES | Matt Buhyoff<br>National Marine Fisheries Service, Great Region<br>17 Godfrey Drive<br>Orono, MAINE 04473 |
| Natural Resources Council of Maine | charles verrill<br>Principal<br>9 MAGEAN ST<br>BRUNSWICK, MAINE 04011<br>UNITED STATES | |
| Natural Resources Council of Maine | charles verrill<br>Principal<br>9 MAGEAN ST<br>BRUNSWICK, MAINE 04011<br>UNITED STATES | |
| NOAA | | Sean P McDermott<br>Supervisory Fisheries Biologis<br>NOAA<br>222 W 7TH AVE<br>43<br>ANCHORAGE, ALASKA 99513 |
| Penobscot Indian Nation | | Kirk Francis<br>Chief<br>Penobscot Indian Nation<br>12 Wabanaki way<br>Indian Island, MAINE 04468 |
| Trout Unlimited | | STEPHEN W BROOKE<br>Trout Unlimited<br>PO Box 53<br>Hallowell,MAINE 04347-0053<br>Kennebec |
| Trout Unlimited | charles verrill<br>Principal<br>9 MAGEAN ST<br>BRUNSWICK, MAINE 04011<br>UNITED STATES | |
| U.S. Army Corps of Engineers | | Jay Clement<br>U.S. Army Corps of Engineers<br>675 Western Avenue<br>Manchester, MAINE 04351 |
| U.S. Department of Interior | | Andrew Tittler<br>Attorney-Advisor<br>U.S. Department of Interior<br>15 State St.<br>8th Floor<br>Boston, MASSACHUSETTS 02109-3502 |
| U.S. Department of Interior | Amanda Bossie<br>Office of the Solicitor<br>U.S. Department of Interior<br>INC000000251348<br>Boston, MASSACHUSETTS 02109<br>UNITED STATES | |
| U.S. Department of the Interior | Andrew Tittler<br>Attorney-Advisor<br>U.S. Department of Interior<br>15 State St.<br>8th Floor<br>Boston, MASSACHUSETTS 02109-3502<br>UNITED STATES | |
| U.S. Department of the Interior | Andrew Tittler<br>Attorney-Advisor<br>U.S. Department of Interior | |

| | | |
|---|---|---|
| | 15 State St.<br>8th Floor<br>Boston, MASSACHUSETTS 02109-3502<br>UNITED STATES | |
| U.S. Fish and Wildlife Service | Andrew Raddant<br>Regional Environmental Officer<br>U.S. Fish and Wildlife Service<br>15 State Dtreet, Ste 400<br>Boston, MASSACHUSETTS 02109<br>UNITED STATES | |
| U.S. Geological Survey | | Greg Stewart<br>U.S. Geological Survey<br>196 Whitten Road<br>Augusta, MAINE |
| US Department of the Interior | Andrew Tittler<br>Attorney-Advisor<br>U.S. Department of Interior<br>15 State St.<br>8th Floor<br>Boston, MASSACHUSETTS 02109-3502<br>UNITED STATES | |

[ Back to Mailing List/Recipients by State ]   [ Back to FERCOnline ]

*Title 18, U.S.C. 1001 makes it a crime for any person knowingly and willingly to make to any Agency or Department of the United States* *fictitious or fraudulent statements as to any matter within its jurisdiction.*

*FERC Online does not require the submission of personally identifiable Information (PII) (e.g. social security numbers, birthdates, and phone num* *FERC will not be responsible for any PII submitted to FERC Online, including any accidental or inadvertent submissions of PII.*

*This site contains information collections that are subject to the Paperwork Reduction Act (PRA). Among other things, the PRA requires FERC to p* *with an estimate of the average burden of completing the information collections on this site. Comments regarding the burden estimate or any oth* *these forms can be directed to FERC's Information Collection Branch at DataClearance@ferc.gov.*

*In addition, you are not required to respond to any collection of information unless it displays a currently valid Office of Management and Budget (* *number. FERC provides the OMB Control Numbers of the information collections on this site at www.ferc.gov/information-collections.*

For any issues regarding FERC Online, please contact FERC Online Support or call Local: 202-502-6652 | Toll-free: 866-208-3676. Please include a c address, telephone number, and e-mail address.